IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BROWNS VALLEY | ) | |
| IRRIGATION DISTRICT | ) | |
| a political subdivision of | ) | |
| the State of California, in Yuba County, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01597 |
| | ) | (KLH-TFH-RWR) |
| ERIC H. HOLDER, JR., | ) | Three-Judge Court |
| Attorney General of the | ) | |
| United States of America, | ) | |
| | ) | |
| THOMAS E. PEREZ, | ) | |
| Assistant Attorney General, | ) | |
| Civil Rights Division, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CONSENT JUDGMENT AND DECREE

1.      The complaint in this action was filed on September 26, 2012, by plaintiff Browns

Valley Irrigation District ("the District"), against defendants Eric H. Holder, Jr., Attorney

General of the United States, and Thomas E. Perez, Assistant Attorney General, Civil Rights

Division (collectively the "Attorney General").

2.      The District is a political subdivision of the State of California and is organized

under the constitution and laws of the State of California.  It is located within Yuba County,

California.

3.      Yuba County is subject to the special provisions of the Voting Rights Act,

including the preclearance provisions of Section 5 of the Voting Rights Act, based on coverage

determinations made by the Attorney General and the Director of the Census and published in

the Federal Register.  Coverage determinations were made regarding Yuba County after both the

1970 and 1975 amendments to the Voting Rights Act.  28 C.F.R. pt. 51 app.  After the 1970

amendments to the Voting Rights Act, the Attorney General determined that the State of

California maintained a "test or device" as defined by Section 4(c) of the Act as of November 1,

1968, 35 Fed. Reg. 12354 (Aug. 1, 1970), and the Director of the Census determined that in

Yuba County, less than 50 percent of the persons of voting age residing therein voted in the

November 1968 presidential election, 36 Fed. Reg. 5809 (Mar. 27, 1971).  After the 1975

amendments to the Voting Rights Act, the Attorney General also determined that the State of

California maintained a "test or device" as defined by Section 4(f)(3) of the Act as of November

1, 1972, and the Director of the Census determined that in Yuba County less than 50 percent of

citizens of voting age were registered to vote on November 1, 1972 or that less than 50 percent

of such persons voted in the November 1972 presidential election, 41 Fed. Reg. 784 (Jan. 5,

1976); 41 Fed. Reg. 1503 (Jan. 8, 1976).   As a consequence, voting changes undertaken in Yuba

County or any governmental units within the county (including the District) after November 1,

1968 must be submitted for review under Section 5.

        4.       Through this action, the District seeks a declaratory judgment pursuant to the

"bailout" provisions of Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1),

declaring it exempt from coverage under Section 4(b) of the Act, 42 U.S.C. 1973b(b).  Bailout

would exempt the District from the preclearance provisions of Section 5 of the Act, 42 U.S.C.

§ 1973c.

5.    This three-judge district court has been convened as provided in 42 U.S.C.

§ 1973b(a)(5) and 28 U.S.C. § 2284 and has jurisdiction over this matter.

6.    Section 4(a) of the Voting Rights Act provides that a political subdivision subject

to the special provisions of the Act may be exempted or "bailed out" from those provisions

through an action for a declaratory judgment before this Court if it can demonstrate fulfillment of

the specific statutory conditions in Section 4(a) for both the ten years preceding the filing of the

action, and throughout the pendency of the action.  42 U.S.C. § 1973b(a).  In relevant part, the

statutory conditions for bailout in Section 4(a) are:

> (A)  no such test or device has been used within such State or
> political subdivision for the purpose or with the effect of denying
> or abridging the right to vote on account of race or color or (in the
> case of a State or subdivision seeking a declaratory judgment under
> the second sentence of this subsection) in contravention of the
> guarantees of subsection (f)(2) of this section;
>
> (B)  no final judgment of any court of the United States, other than
> the denial of declaratory judgment under this section, has
> determined that denials or abridgements of the right to vote on
> account of race or color have occurred anywhere in the territory of
> such State or political subdivision or (in the case of a State or
> subdivision seeking a declaratory judgment under the second
> sentence of this subsection) that denials or abridgements of the
> right to vote in contravention of the guarantees of subsection (f)(2)
> of this section have occurred anywhere in the territory of such
> State or subdivision and no consent decree, settlement, or
> agreement has been entered into resulting in any abandonment of a
> voting practice challenged on such grounds; and no declaratory
> judgment under this section shall be entered during the pendency
> of an action commenced before the filing of an action under this
> section and alleging such denials or abridgements of the right to
> vote;

(C)  no Federal examiners or observers under subchapters I-A to I-C of this chapter have been assigned to such State or political subdivision;

(D)  such State or political subdivision and all governmental units within its territory have complied with section 1973c of this title, including compliance with the requirement that no change covered by section 1973c of this title has been enforced without preclearance under section 1973c of this title, and have repealed all changes covered by section 1973c of this title to which the Attorney General has successfully objected or as to which the United States District Court for the District of Columbia has denied a declaratory judgment;

(E)  the Attorney General has not interposed any objection (that has not been overturned by a final judgment of a court) and no declaratory judgment has been denied under section 1973c of this title, with respect to any submission by or on behalf of the plaintiff or any governmental unit within its territory under section 1973c of this title, and no such submissions or declaratory judgment actions are pending; and

(F)  such State or political subdivision and all governmental units within its territory - (i) have eliminated voting procedures and methods of election which inhibit or dilute equal access to the electoral process; (ii) have engaged in constructive efforts to eliminate intimidation and harassment of persons exercising rights protected under subchapters I-A to I-C of this chapter; and (iii) have engaged in other constructive efforts, such as expanded opportunity for convenient registration and voting for every person of voting age and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process.

*See* 42 U.S.C. §§ 1973b(a)(1)(A)-(F).

7.    Section 4(a) provides the following additional requirements to obtain bailout:

To assist the court in determining whether to issue a declaratory judgment under this subsection, the plaintiff shall present evidence of minority participation, including evidence of the levels of minority group registration and voting, changes in such levels over

- 4 -

time, and disparities between minority-group and non-minority-group participation.

No declaratory judgment shall issue under this subsection with respect to such State or political subdivision if such plaintiff and governmental units within its territory have, during the period beginning ten years before the date the judgment is issued, engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color or (in the case of a State or subdivision seeking a declaratory judgment under the second sentence of this subsection) in contravention of the guarantees of subsection (f)(2) of this section unless the plaintiff establishes that any such violations were trivial, were promptly corrected, and were not repeated.

The State or political subdivision bringing such action shall publicize the intended commencement and any proposed settlement of such action in the media serving such State or political subdivision and in appropriate United States post offices . . . .

*See* 42 U.S.C. § 1973b(a)(2)-(a)(4).

8.      Section 4(a)(9) provides that the Attorney General can consent to entry of a declaratory judgment granting bailout "if based upon a showing of objective and compelling evidence by the plaintiff, and upon investigation, he is satisfied that the State or political subdivision has complied with the requirements of [Section 4(a)(1)] . . . ." 42 U.S.C. § 1973b(a)(9).

9.      The Attorney General has advised the Court that he has conducted a comprehensive and independent investigation to determine the District's entitlement to bailout. In so doing, the Attorney General represents that Department of Justice attorneys have, among other things, reviewed a significant number of documents related to the District, including available background information and demographic data, minutes of meetings of the Browns

Valley Irrigation District's board of directors, records relating to voter registration and turnout in the District, and records of the District's preclearance submissions.

10.     The Attorney General and the District agree that the District has fulfilled the conditions required by Section 4(a) and is entitled to the requested declaratory judgment allowing it to bail out of Section 5 coverage.  Accordingly, the District and the Attorney General have filed a Joint Motion for Entry of this Consent Judgment and Decree.

11.     The parties request that this Court wait 30 days after filing of the Joint Motion for Entry of this Consent Judgment and Decree, before approving this settlement, while a notice of proposed settlement is advertised.

THE PARTIES' AGREED FACTUAL FINDINGS

12.     Browns Valley Irrigation District is a special district of the State of California.  It is located northeast of Marysville in Yuba County, California.

13.     The District is a political subdivision of the State of California, and thus a political subdivision within the meaning of Section 4(a) of the Voting Rights Act.  *See* 42 U.S.C. § 1973b(a)(1)(A); *see also Northwest Austin Mun. Util. Dist. No. One v. Holder*, 129 S. Ct. 2504 (2009).   The District does not have any subjurisdictions.

14.     According to the 2010 Census, Yuba County had a population of 72,155, including 42,416 Non-Hispanic Whites (58.8%), 18,051 Hispanics (25%), 2,637 Non-Hispanic Blacks (3.6%), 2,634 American Indian/Alaskan Natives (3.6%), 5,326 Asians (7.4%), and the remainder split among other racial groups.  The total reported voting-age population was 51,165, which included 32,949 Non-Hispanic Whites (64.4%), 10,590 Hispanics (20.7%), 1,674 Non-

Hispanic Blacks (3.3%), 1,880 American Indian/Alaskan Natives (3.7%), 3,453 Asians (6.8%), and the remainder split among other racial groups.

15.     The most recent data concerning citizen voting age population (CVAP) comes from the 2006-2010 American Community Survey, which estimated Yuba County CVAP as 45,235.  This included 32,385 Non-Hispanic Whites (71.6%), 6,170 Hispanics (13.6%), 1,290 Non-Hispanic Blacks (2.9%), 600 American Indian/Alaskan Natives (1.3%), and 2,535 Asians (5.6%), and the remainder split among other racial groups.

16.     The District reported that in 2010, it had a population of 4,824, including 4,027 Non-Hispanic Whites (83.5%), 425 Hispanics (8.8%), 32 Non-Hispanic Blacks (0.7%), 80 American Indian/Alaskan Natives (1.7%), 65 Asians (1.3%), and the remainder split among other racial groups.

17.     The District reported that in 2010, its voting age population was 3,829, and it had 2,874 registered voters.

18.     The District is governed by a board of directors.  The board is composed of five members who serve staggered four-year terms.  Each director must reside in a particular division within the District, but directors are elected at-large by all qualified voters in the District.  *See* Cal. Water Code § 21104 (four-year terms); *see id.* § 21550 (each district contains five divisions).

19.     The District does not actively participate in electoral processes.  All election-related functions in the District, including voter outreach, list maintenance, voter registration, and the administration of elections, are administered by the Yuba County Elections Department. Yuba County also manages candidate filings for the District.

20.      Opportunities for voter registration are available in Yuba County through various offices, including the office of the clerk/recorder, social service agencies, the department of motor vehicles, or online through the California Online Voter Registration website, and through mail-in application.

21.      Since California does not require voter applicants to identify their race when registering, the District is unable to present evidence of minority participation in registering and voting.  In 2010, the District's voter registration rate overall was approximately 75%.  By comparison, Yuba County's voter registration rate in 2010 was 62.3%.

22.      Yuba County has engaged in constructive efforts to increase minority participation in elections, including conducting voter registration drives at Hispanic fairs and the Yuba County/Sutter County Fair.

23.      The Yuba County Elections Department does not collect data on the ethnicity of its poll workers.  The department recruits poll workers through the Yuba County website, appearances at local fairs, flyers included with its mailings, and advertisements in the local "shopper" newspaper.  It has conducted targeted outreach to recruit poll workers from Hispanic communities, including through advertisements on local Hispanic radio, and Hmong communities.

24.      Under California law, if an incumbent board of director of the District submits a declaration of candidacy for an additional term and there are no other candidates, no election is held.  Instead, upon certification by the Yuba County elections office, the county board of supervisors re-appoints the incumbent.  Cal. Elec. Code § 10515(a).  If no one has declared

candidacy for a position on the board, the county board of supervisors appoints another qualified person.  *Id*. § 10515(b).

25.     Elections for the District's board of directors are infrequent.  The board has not had a contested election since 2006, and most board members have served for many years.

26.     No minority has ever served, been a candidate, or sought appointment to the District's board of directors.

27.      During the ten years preceding this action, and during the pendency of this action, the District made two submissions under Section 5 to the Attorney General.  The Attorney General did not interpose an objection to either of those submissions.  The District has not sought judicial preclearance under Section 5 for any voting changes in the District Court for the District of Columbia.   The Attorney General's review of the District's records in the course of considering its bailout request indicated that during the preceding ten years, four voting changes were implemented by or on behalf of the District prior to preclearance under Section 5.  These voting changes consisted of two appointments to the District's board of directors in 2004, one redistricting for residency districts conducted in 2002, and one annexation in 2001.  This review also determined that the failure to make such submissions prior to implementation was not the product of any discriminatory reason.  Upon notice from the Attorney General, the District ensured that these matters were promptly submitted for review under Section 5, and the Attorney General interposed no objection to these changes under Section 5.  This Court has granted bailout to a number of other covered jurisdictions who have similarly implemented certain voting changes prior to Section 5 review.  *See, e.g.*, *Shenandoah Cnty. v. Reno*, No. 99-992 (D.D.C. Oct. 15, 1999); *Roanoke Cnty. v. Reno*, No. 00-1949 (D.D.C. Jan. 24, 2001);

*Warren Cnty. v. Ashcroft*, No. 02-1736 (D.D.C. Nov. 26, 2002); *Pulaski Cnty. v. Gonzales*, No. 05-1265 (D.D.C. Sept. 27, 2005); *Augusta Cnty. v. Gonzales*, No. 05-1885 (D.D.C. Nov. 30, 2005); *City of Kings Mountain v. Holder*, No. 10-1153 (D.D.C. Oct. 22, 2010); *Jefferson Cnty. Drainage Dist. No. Seven v. Holder*, No. 11-461 (D.D.C. June 6, 2011); *Alta Irrigation Dist. v. Holder*, No. 11-758 (D.D.C. July 15, 2011); *Culpeper Cnty. v. Holder*, No. 11-1477 (D.D.C. Oct. 3, 2011); *King George Cnty. v. Holder*, No.11-02164 (D.D.C. April 5, 2012); *Prince William Cnty. v. Holder,* No. 12-00014 (D.D.C. April 10, 2012); *Merced Cnty. v. Holder*, No. 12-00354 (D.D.C. Aug. 31, 2012).  Information on bailout cases is available on the Department of Justice's website at www.justice.gov/crt/about/vot/misc/sec_4.php.

28.  The District publicized its intent to commence a bailout action, as required by Section 4(a)(4), by posting a notice on its website, http://www.bvid.org/files/ DOJ_Bailout_Notice_10_22_2012.pdf, in the Browns Valley post office, and in Yuba County public offices.  The District also disseminated the notice through a local newspaper, the Appeal-Democrat, on October 25, 2012.  *See* 42 U.S.C. § 1973b(a)(4).

29.  The Attorney General has determined that it is appropriate to consent to a declaratory judgment allowing bailout by the District, pursuant to Section 4(a)(9) of the Voting Rights Act.  *See* 42 U.S.C. § 1973b(a)(9).  The Attorney General's consent in this action is based upon his own independent factual investigation of the District's fulfillment of all of the bailout criteria, and consideration of all of the circumstances of this case, and the absence of racial discrimination in the electoral process within the District.  This consent is premised on an understanding that Congress intended Section 4(a)(9) to permit bailout in those cases where the Attorney General is satisfied that the statutory objectives of encouraging Section 5 compliance,

and preventing the use of racially discriminatory voting practices, would not be compromised by such consent.

THE PARTIES' AGREED FINDINGS ON STATUTORY BAILOUT CRITERIA

30. Browns Valley Irrigation District is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c. Pursuant to Section 5 of the Act, the District is required to obtain preclearance from either this Court or the Attorney General for any change in voting standards, practices, and procedures adopted or implemented since the Act's coverage date for Yuba County, California.

31. The District is the only entity seeking bailout through this action.

32. Browns Valley Irrigation District is a political subdivision entitled to seek bailout from this Court for itself and by itself under Section 4(a). *See* 42 U.S.C. § 1973b(a)(1); *Nw. Austin Mun. Util. Dist. No. One* v. *Holder*, 557 U.S. 193 (2009).

33. There are no other governmental units within the District's territory for which the District is responsible or which must request bailout at the same time as the District within the meaning of Section 4(a). *See* 42 U.S.C. § 1973b(a).

34. During the ten years preceding the filing of this action and during the pendency of this action, the District has not used any test or device as defined in Section 4(c) or Section 4(f)(3) of the Voting Rights Act, 42 U.S.C. § 1973b(c) & (f)(3), for the purpose or with the effect of denying or abridging the right to vote on account of race or color or language minority status. 42 U.S.C. § 1973b(a)(1)(A).

35. During the ten years preceding the filing of this action, and during the pendency of this action, no final judgment of any court of the United States has determined that denials or

- 11 -

abridgments of the right to vote on account of race or color or language minority status have

occurred anywhere within the District.  Further, no consent decree, settlement, or agreement has

been entered into resulting in any abandonment of a voting practice challenged on such grounds.

No action is presently pending alleging such denials or abridgements of the right to vote.  42

U.S.C. § 1973b(a)(1)(B).

36.     During the ten years preceding the filing of this action, and during the pendency

of this action, no Federal examiners or observers have been assigned to the District.  42 U.S.C.

§ 1973b(a)(1)(C).

37.     During the ten years preceding the filing of this action, and during the pendency

of this action, the District has made two administrative submissions to the Attorney General for

review under Section 5, and the Attorney General did not interpose an objection to either of these

submissions under Section 5.  As set forth above, the District failed to submit, prior to

implementation, certain voting changes to the Attorney General for review under Section 5.

There is no evidence that the District did not submit these matters prior to implementation for

any improper reason.  Nor is there any evidence that implementation of such changes, which

have now been precleared under Section 5, has had a discriminatory purpose or effect on voting

that would contravene Congress' intent in providing the bailout option to a jurisdiction such as

this.  During the ten years preceding the filing of this action, and during the pendency of this

action, there has been no need for the District to repeal any voting changes to which the Attorney

General has objected, or to which this Court has denied a declaratory judgment, since no such

objections or denials have occurred.  *See* 42 U.S.C. §1973b(a)(1)(D).

38.     The Attorney General has never interposed any objection to voting changes submitted by or on behalf of the District for administrative review under Section 5.  No such administrative submissions by or on behalf of the District are presently pending before the Attorney General.  The District has never sought judicial preclearance from this Court under Section 5.  Thus, this Court has never denied the District a declaratory judgment under Section 5, nor are any such declaratory judgment actions now pending.  *See* 42 U.S.C. § 1973b(a)(1)(E).

39.     During the ten years preceding the filing of this action, and during the pendency of this action, the District has not employed voting procedures or methods of election which inhibit or dilute equal access to the electoral process.  *See* 42 U.S.C. § 1973b(a)(1)(F)(i).

40.     There is no evidence that any person in the District's elections has been subject to intimidation or harassment in the course of exercising his or her rights protected under the Voting Rights Act.  *See* 42 U.S.C. § 1973b(a)(1)(F)(ii).

41.     All voter registration and election administration in the District has been conducted solely by Yuba County throughout the ten years preceding the filing of this action and through the present time.  During that time, Yuba County has engaged in constructive efforts to expand the opportunity for voter registration and voting for every person of voting age through a variety of means, including offering various locations for voter registration in the County, as well as through an internet portal and by mail-in application.  42 U.S.C. § 1973b(a)(1)(F)(iii).

42.     The District has presented available evidence concerning rates of voter registration and voter participation over time.  42 U.S.C. § 1973b(a)(2).

43.      During the preceding ten year period, the District has not engaged in violations of any provision of the Constitution or laws of the United States or any State or political

- 13 -

subdivision with respect to discrimination in voting on account of race or color or language minority status.  42 U.S.C. § 1973b(a)(3).

      44.     The District has provided public notice of its intent to seek a Section 4(a) declaratory judgment and of the proposed settlement of this action.  42 U.S.C. § 1973b(a)(4).

      Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

      1.     Plaintiff Browns Valley Irrigation District is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. § 1973b(a)(1).

      2.     The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and plaintiff Browns Valley Irrigation District is exempted from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. § 1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years pursuant to Section 4(a)(5), 42 U.S.C. § 1973b(a)(5).  This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in Section 4(a)(5), 42 U.S.C. § 1973b(a)(5).

      3.     Each party shall bear its own fees, expenses and costs.

Entered this 4th day of February, 2013.


/s/ *Karen LeCraft Henderson*
_____
KAREN LECRAFT HENDERSON
UNITED STATES CIRCUIT JUDGE


/s/ *Thomas F. Hogan*
_____
THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE


/s/ *Richard W. Roberts*
_____
RICHARD W. ROBERTS
UNITED STATES DISTRICT JUDGE

*Agreed and Consented To:*

*/s/ J. Gerald Hebert*

_____
J. GERALD HEBERT (DCB # 447676)
Attorney at Law
191 Somervelle Street, # 405
Alexandria, VA 22304
Telephone: (703) 628-4673
Email: hebert@voterlaw.com

JOSHUA M. HOROWITZ
California State Bar No. 186866
Bartkiewicz, Kronick & Shanahan
1011 Twenty-Second Street
Sacramento, CA 958-4907
Telephone: (916) 446-4254
Email: jmh@bkslawfirm.com

*Counsel for Plaintiff*
*Browns Valley Irrigation District*

Dated: January 2, 2013

*Agreed and Consented To:*

RONALD C. MACHEN JR.
United States Attorney
District of Columbia

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division


*/s/ Elizabeth S. Westfall*

_____

T. CHRISTIAN HERREN, JR.
ROBERT D. POPPER (NYB # 2357275)
CHRISTY MCCORMICK
christy.mccormick@usdoj.gov
ELIZABETH S. WESTFALL
(DCB # 458792)
elizabeth.westfall@usdoj.gov
Attorneys
Voting Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Ave., N.W.
Room 7272 - NWB
Washington, D.C.  20530
Telephone:  (202) 305-0609
Facsimile:  (202) 307-3961

*Counsel for Defendants*
*Attorney General of the United States, and*
*Assistant Attorney General,*
*Civil Rights Division*

Dated: January 2, 2013